
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARYL J. KOLLMAN,<br><br>    Plaintiff - Appellee,<br><br>CELL TECH INTERNATIONAL, INC., a<br>Delaware corporation,<br><br>    Plaintiff-intervenor -<br>Appellee,<br><br>  v.<br><br>NATIONAL UNION FIRE INSURANCE<br>COMPANY OF PITTSBURGH,<br>PENNSYLVANIA, a foreign corporation,<br><br>    Defendant - Appellant. | No. 08-36017<br><br>D.C. No. 1:04-cv-03106-PA<br><br><br>MEMORANDUM* |
| DARYL J. KOLLMAN,<br><br>    Plaintiff,<br><br>  and<br><br>CELL TECH INTERNATIONAL, INC., a<br>Delaware corporation, | No. 08-36019<br><br>D.C. No. 1:04-cv-03106-PA |

---

      \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Plaintiff-intervenor -
Appellant,

v.

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PENNSYLVANIA, a foreign corporation,

Defendant - Appellee.

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Submitted October 8, 2013[**]
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

National Union Fire Insurance Company appeals the district court's grant of partial summary judgment in favor of Cell Tech International, Inc. and Daryl Kollman. Cell Tech cross appeals the district court's grant of partial summary judgment in favor of National Union. We affirm.

The district court correctly held that the insured-versus-insured policy exclusion did not apply because Kollman was not an insured under the policy. Kollman was not a past executive of a subsidiary of Cell Tech. Rather, he was a

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

past executive of two entities *before* they were subsidiaries. Except for HumaScan, as specified in Endorsement 12, the policy did not insure past executives of previous corporate entities of Cell Tech or its subsidiaries that existed before August 6, 1999.

The district court also correctly ruled that National Union did not have a duty to defend Cell Tech under the policy's Securities Claims coverage. The complaint alleged breach of contract, breach of fiduciary duty, conspiracy, and similar claims, not violations of securities laws. Vague references to potential securities violations are not enough, and the fact that Kollman may have been able to amend the complaint to state securities claims (which he never sought to do) is irrelevant. Oregon law requires that we consider whether the complaint's allegations, without amendment, could impose liability for conduct covered by the policy. *Bresee Homes, Inc. v. Farmers Ins. Exch.*, 293 P.3d 1036, 1039 (Or. 2012).

AFFIRMED.